UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:21-cr-00064 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| MICHELLE KAPON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

As part of the sentence in this case, the Court imposed substantial financial penalties on Defendant Michelle Kapon. As relevant here, federal law mandates an order of restitution. *See* 18 U.S.C. §§ 3663(a)(3) & 3663A. Following the sentencing of Samir Wahib in the related case (No. 4:21-cr-00045), Dr. Kapon moves to modify her restitution obligation to $37,730—half the total loss owed jointly and severally with Dr. Wahib. (ECF No. 36.) For the reasons that follow, the Court **GRANTS** Defendant's motion, which the United States does not oppose.

## BACKGROUND

Dr. Kapon pled guilty to one count of conspiracy to solicit, receive, offer, and pay kickbacks in connection with a federal health care program, in violation of 18 U.S.C. § 371, and two counts of receipt of kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B). (ECF No. 15, PageID #76.) Under the agreement, she acknowledged that the Court could order the payment of restitution as a condition of her sentence. (*Id.*)

On July 25, 2023, the Court sentenced Dr. Kapon to two years of probation. (ECF No. 32, PageID #232.) The Court ordered her to "pay restitution in the amount of $75,460 . . . which will be joint and several with Samir Wahib, should Wahib be convicted in case number 4:21cr45." (*Id.*, PageID #234.) At sentencing and in her sentencing memorandum, Dr. Kapon requested that the Court issue a restitution order for one-half of the obligation, to account for her relative culpability and that of Dr. Wahib. (ECF No. 34, PageID #262; ECF No. 28, PageID #176.) In doing so, the Court noted that the amount of restitution Dr. Kapon owed is subject to adjustment by motion. (*See, e.g.*, ECF No. 32, PageID #235.) On August 1, 2023, Dr. Kapon paid restitution in the amount of $37,730.00. (Transaction, Aug. 1, 2023.)

On September 13, 2023, the Court entered judgment against Dr. Wahib, ordering, in part, payment of restitution in the amount of $75,460 jointly and severally owed with Dr. Kapon. (*See Wahib*, No. 4:21-cr-00045, ECF No. 101, PageID #3495.) On October 11, 2023, Defendant moved to modify her restitution obligation, and the United States does not object. (ECF No. 36, PageID #320.)

## DISCUSSION

The Mandatory Victims Restitution Act mandates an award of restitution to identifiable victims of fraud. 18 U.S.C. §§ 3663(a)(3) & 3663A. The Act "ensure[s] that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as society." *United States v. Church*, 731 F.3d 530, 536 (6th Cir. 2013) (citation omitted). District courts exercise considerable discretion in fashioning

2

restitution orders to achieve this purpose. *See Paroline v. United States*, 572 U.S. 434, 462 (2014).

In cases involving multiple defendants, district courts may either hold the defendants jointly and severally liable for the harm caused by a common scheme or apportion the restitution obligation "to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h); *see, e.g.*, *United States v. Williams*, 612 F.3d 500, 513 (6th Cir. 2010) (affirming the district court's restitution order apportioning liability among multiple defendants in a healthcare fraud); *United States v. Bogart*, 576 F.3d 565, 576 (6th Cir. 2009) (holding that the district court did not abuse its discretion in imposing liability jointly and severally for the total amount of restitution on multiple defendants convicted of conspiracy to commit fraud). Further, courts may hold defendants from multiple prosecutions in known companion cases liable for the same restitution obligation. *See United States v. Eggleston*, 823 F. App'x 340, 346–47 (6th Cir. 2020) (affirming the district court's application of joint and several liability among defendants in separate cases based on their participation in the same Medicare kickback scheme).

When Defendant and Dr. Wahib "participat[ed] in a conspiracy to commit healthcare fraud, [each] bore the risk of becoming financially responsible" for the entire amount of loss. *Williams*, 612 F.3d at 513. The Court's original order of joint and several liability reflects this risk. Consistent with the discussion on the record at sentencing, Defendant argues that under Section 3664(h), the Court should

3

apportion her liability for restitution as consistent with her lesser degree of culpability.

The Court specifically contemplated later modification to the restitution order at sentencing and in the final judgment. For that reason, and without objection from the United States, the Court agrees that apportionment of liability for restitution is appropriate to reflect the culpability that Dr. Kapon and Dr. Wahib each bear in the conspiracy. Apportioning the loss between Defendant and Dr. Wahib advances the goal of achieving total compensation for the victim of the loss while upholding the statutory aim of apportioning "liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

Defendant's motion does not create a situation where the Court is completely reassessing its original judgment or decreasing the restitution owed—this modification merely allocates who pays what share of the total loss consistent with the record developing over three sentencings in two cases. Also, it effectuates the Court's and parties' intent on resolving a final restitution order following Dr. Wahib's sentencing.

## CONCLUSION

For all these reasons, the Court exercises its discretion to apportion liability between Dr. Kapon and Dr. Wahib and **GRANTS** Defendant's motion to modify restitution she owes to $37,730.00—an obligation which she previously satisfied. (*See* Transaction, Aug. 1, 2023.)

**SO ORDERED.**

Dated:  October 20, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5